**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LENA LASHER,**<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>**DEA AGENT THOMAS POPOWICH,** et al.<br><br>　　　　　　　Defendants. | Civil Action No. 17-12061 (ES) (JAD)<br><br>**ORDER** |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. On June 13, 2018, the Court granted the application to proceed *in forma pauperis* of *pro se* plaintiff Lena Lasher ("Plaintiff"). (D.E. No. 5).

2. "[W]hen a person proceeds *in forma pauperis*, [28 U.S.C. § 1915(e)(2)(B)(ii)] instructs the District Court to 'dismiss the case *at any time* if the court determines that . . . [the complaint] fails to state a claim on which relief may be granted.'" *Harris v. Bennett*, 746 F. App'x 91, 93 (3d Cir. 2018) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)).

3. In her civil rights complaint, Plaintiff asserts that she is "a wrongly convicted and sentenced federal prisoner." (D.E. No. 1 ("Compl") at 1). Plaintiff asserts that she was "wrongly convicted" because "[t]he DEA diligently worked to frame [her]." (*Id.*; *id.* at 5 (asserting that her conviction was "wrongful . . . due to [DEA] Agents' false and misleading testimony, planted/tampered/fabricated evidence, and withheld . . . exculpatory evidence")).

4. "[A] prisoner's civil rights suit based on violations of his rights during his criminal proceedings," however, "is barred unless he can demonstrate that his conviction or sentence

has been invalidated." *Murphy v. Bloom*, 443 F. App'x 668, 669 (3d Cir. 2011) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).

5. Here, Plaintiff has not "demonstrate[d] that her conviction or sentence has been invalidated." *See id.*; (*see generally* Compl.).

6. Hence Plaintiff's civil rights suit is barred. *See, e.g.*, *Walsh v. Popp*, 726 F. App'x 110, 111 (3d Cir. 2018) ("[A] *Brady* claim . . . is barred by the rule of *Heck* . . . ."); *Smith v. Delaware*, 624 F. App'x 788, 790 (3d Cir. 2015) (ruling that a civil rights claim asserting "that [a] conviction was based on perjured testimony" is precluded by *Heck*); *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014) (recognizing that civil rights "claims of . . . evidence tampering" are "barred by the . . . rule in *Heck*").

Accordingly, IT IS on this 20th day of March 2019,

**ORDERED** that the Complaint (D.E. No. 1) is DISMISSED, *without prejudice*; and it is further

**ORDERED** that the Clerk CLOSE this matter.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**